SCHWELLER ET, PLAINTIFFS, *v.* CLOYD, DEFENDANT.

Municipal Court, Oberlin.

No. 1660.

GOLDTHORPE, J. This matter came on to be heard on the pleadings, certain stipulations and the evidence. At the pretrial conference, both parties stipulated the contents of the

lease existing between them and the fact that notice had been given as required by law.

The case is one of forcible entry and detention in which the leased premises is being used by defendant as a "rest" or "nursing" home, caring for aged and infirm patients. The lease started in 1961 for a 5-year term and a 5-year option.

Plaintiff relies on two alleged violations of the terms of this lease as grounds for repossession of the premises.

The lease provided that defendant would be limited to twenty patients or guests for the basic rental. It then states: "Provided, however, that if more than twenty (20) patients or guests occupy the premises herein described Lessee shall pay to Lessor an additional One Hundred Dollars ($100.00) per month for three to five additional patients or guests."

Plaintiff maintains that Defendant has breached the terms of the lease by (1) having had 22 patients or guests on many occasions and (2) by living in the home with his own family, consisting of a wife and five children.

Considering the second matter first, the evidence showed that Plaintiff knew the family of Defendant was living in this home from the time they moved in. The relationship between the parties was good and they mixed socially, on one occasion enjoying a barbecue together on the leased premises. Following that occasion, various difficulties intervened between the parties and upon complaint by Plaintiff, Defendant moved his family from the home. Nowhere in the lease is there any mention of whether occupation of the premises by the family of Defendant was banned. The lease refers only to "patients or guests."

As to the number of "patients or guests" housed on the premises, the evidence was clear that on many occasions Defendant did have 22 people present in that category. Efforts to prove more than 22 present were not successful.

We have thus reached the crux of the problem. The rental to be paid for 21 or 22 "guests or patients" is not touched upon anywhere in the lease either in fact or implication.

In 33 Ohio Jurisprudence (2d), 344, Section 72, we find the following which succinctly states the opinion of this Court:

"The court attempts to carry out the intention of the parties to a lease, and to the extent that such intent is demon-

strated by the expression of the parties in the lease, such expressed intent controls. The agreement of parties to a written contract or lease is to be ascertained from the language of the instrument, and there can be no intendment or implication inconsistent with the express terms thereof. A court cannot imply exceptions in the lease not shown by the language which the parties choose to use. In construing a lease, a court should not, under the guise of doing substantial justice, ignore the agreement of the parties by making a contract of its own; there must be some legal basis for the execution of such power. If some contingency which occurs is one which might have been foreseen by the parties and was not provided for in the lease, the court will not insert by construction for the benefit of one of the parties an exception or condition omitted from the lease."

The Court finds for the Defendant and instructs his counsel to prepare a Journal Entry in accordance with this opinion.